## Ora Evelyn White, Plaintiff-Appellee, v. Lyle H. Prenzler, Defendant-Appellant.

### Gen. No. 10,182.

Third District.

October 16, 1958.

Rehearing denied November 15, 1958.

Released for publication November 15, 1958.

Chester Thomson and Robert Markowitz, of Bloomington (Ralph Schroeder and John W. Biggers, of counsel) for defendant-appellant.

Branson Wright, of Bloomington, for plaintiff-appellee.

JUDGE CARROLL delivered the opinion of the court.

Defendant appeals from a judgment of the Circuit Court of McLean County upon a jury verdict in an action for breach of promise to marry.

It is alleged in the complaint that at various times between May, 1949 and August, 1954, the defendant promised to marry plaintiff; that as a direct consequence of said promise, the defendant seduced plaintiff, which resulted in her pregnancy and the subse-

quent birth of a child on February 15, 1954; that about Sept. 1, 1954, defendant again promised to marry plaintiff during the Christmas holidays of 1954; that on Dec. 12, 1954, defendant informed plaintiff of his marriage to a third person on Oct. 30, 1954; and that on Feb. 12, 1955, plaintiff gave a notice of her intention to sue as required by Section 4 of an Act relating to actions for breach of promise or agreement to marry (Illinois Revised Statutes, 1953, Chap. 89, Par. 28).

The complaint further alleges that by reason of defendant's breach of promise to marry her, she has been deprived of any and all financial benefits naturally to be expected from a marriage to defendant and has had cast upon her the expense of bearing and maintaining the child born as the result of her seduction by defendant; that she had been humiliated and caused to suffer great physical injury and mental anguish by reason of the breach of promise to marry and has expended large sums of money in bearing and caring for the said child; to-wit, the sum of $5000; and that she has been deprived of earnings by the said breach of promise to the extent of $1200. Damages in the total sum of $25,000 are prayed.

· Defendant filed a motion to dismiss the complaint primarily upon the ground that the notice of plaintiff's intention to file suit was not given within 90 days from the date of the breach as required by statute and accordingly her action was barred under Par. 29, Chap. 89, Illinois Revised Statutes, 1953. The motion also recited that the complaint contained allegations as to damages not recoverable by virtue of Par. 27 of the said Statute which provides, "No punitive, exemplary, vindictive or aggravated damages shall be allowed in any action for breach of promise or agreement to marry." The plaintiff filed suggestions in opposition to defendant's motion in which she asserted that her notice complied with the Statute and in the alternative that Par. 28 thereof was unconstitutional and void as

232

violative of Sec. 19 of Article II of the Illinois Constitution. Defendant's motion to dismiss the complaint was allowed by the Circuit Court and from its judgment in bar of the action, plaintiff appealed to the Supreme Court. This appeal resulted in reversal of the judgment and remandment of the cause with directions to overrule the motion to dismiss.

Upon reinstatement of the cause the defendant filed his answer and the issues were then submitted to a jury which returned a verdict for plaintiff in the sum of $15,000. The trial court, upon denial of defendant's post-trial motions, entered judgment for plaintiff and this appeal followed.

The principal reason advanced by defendant for reversal is that the trial court erred in instructing the jury as to the elements which it might consider in assessing plaintiff's damages. Defendant complains primarily of plaintiff's given Instruction 7 which reads as follows:

"The Court instructs the jury that if you find the issues for the Plaintiff, then in estimating the Plaintiff's damages, it is proper for the jury to consider, if you believe from the evidence that a child of the Defendant was conceived by Plaintiff in reliance upon and as a direct result of Defendant's promise to marry her, if you believe such promise was made and subsequently broken, the reasonable and necessary expenditures laid out by the Plaintiff in bearing such child, and in caring for and sustaining him since his birth, and such damages as she will necessarily and reasonably incur in providing and caring for such child hereafter during his infancy, so far as such damages and expenditures appear from the evidence. You may also take into consideration loss of earnings incurred by the Plaintiff, if any, during the period of her pregnancy and confinement, so far as the same are shown by the evidence.

233

"In assessing the Plaintiff's damages, if you find the issues in favor of the Plaintiff, you may take into account as a matter of actual damage, humiliation and disappointment, if any, and the loss of any and all financial or worldly benefits or advantages which would have naturally accrued to the Plaintiff from a marriage to a man of the position in life of the Defendant, so far as such damages are or may be shown by the evidence and so far as, in your judgment, such damages are the proximate result of Defendant's promise to marry Plaintiff and the breach thereof, if you believe from the evidence that such promise and breach incurred (sic) and if you find the issues in favor of the Plaintiff."

Defendant insists that the giving of this instruction permitted the jury to award plaintiff aggravated or punitive damages for her seduction, pregnancy and childbirth, which may not be recovered in a breach of promise action.

Answering such contention, plaintiff argues two points: namely, first, that the claimed error of the trial court with respect to the giving or refusing of instructions is not properly presented for this court's consideration by either the record or abstract, and secondly, that because on the appeal to the Supreme Court defendant failed to urge objections to the damage allegations of the complant, he thereby waived any such objections.

All instructions given and refused at the trial are included in the report of proceedings and the correctness thereof is certified to by the trial judge. Plaintiff's argument that error with respect to the instructions is not properly preserved in the record appears to be without merit.

In its opinion (White v. Prenzler, 7 Ill.2d 624), the Supreme Court indicates that although the case was argued in that court on constitutional grounds, it regarded the statutory construction question as being

234

decisive and that "the determinative issue is whether, on the allegations of her complaint, the plaintiff complied with the statutory notice requirement." After reciting the reasons for its conclusion that plaintiff's notice was timely, the court said:

"The parties have confined their argument to this statutory notice requirement in apparent recognition that this was the basis for the dismissal below. The defendant does not urge as a reason for affirmance any of the other points he raised in the trial court."

It therefore appears that the only question argued in the Supreme Court and upon which it passed is whether the notice to defendant as required by statute was timely given. Resolving that question adversely to defendant's contention, the court held that the complaint stated a cause of action. Defendant's motion to dismiss the complaint while asserting that some of the allegations of damages violated the statute which restricts damages to those actually sustained, did not ask that such allegations be stricken out. Accordingly, there was no occasion for either the trial or Supreme Court to rule upon the propriety of the allegations of damages appearing in the complaint. We therefore perceive no basis for concluding that defendant has waived his right to question the correctness of the trial court's instructions as to damages.

Basically, the question raised by defendant's criticism of plaintiff's Instruction 7 is whether, seduction, pregnancy and childbirth may be properly considered as elements of damage in an action for breach of promise to marry.

Section 1 of the 1947 Act relating to breach of promise or agreement to marry, states in part:

"It is hereby declared, as a matter of legislative determination, that the remedy heretofore provided by law for the enforcement of actions based upon breaches of promises or agreements to marry has been subject to grave abuses and has been used as an instrument

for blackmail by unscrupulous persons for their unjust enrichment, due to the indefiniteness of the damages recoverable in such actions and the consequent fear of persons threatened with such actions that exorbitant damages might be assessed against them. It is also hereby declared that the award of monetary damages in such actions is ineffective as a recompense for genuine mental or emotional distress. Accordingly, it is hereby declared as the public policy of the state that the best interests of the people of the state will be served by limiting the damages recoverable in such actions, and by leaving any punishments of wrongdoers guilty of seduction to proceedings under the criminal laws of the state, rather than to the imposition of punitive, exemplary, vindictive or aggravated damages in actions for breach of promise or agreement to marry."

Section 2 of the Act provides:

"The damages to be recovered in any action for breach of promise or agreement to marry shall be limited to the actual damages sustained as a result of the injury complained of."

And in Section 3, it is provided:

"No punitive, exemplary, vindictive or aggravated damages shall be allowed in any action for breach of promise or agreement to marry."

The effect of the foregoing provisions was determined by the Supreme Court in Smith v. Hill, 12 Ill.2d 588. In that case, the complaint in addition to alleging the breach of promise to marry to plaintiff's damage in the sum of $20,000, further alleged the seduction of the plaintiff resulting in her pregnancy and the birth of a child; that she had expended monies for doctor, hospital bills and would have to provide for the support of the child; that she had been required to give up her employment and would be unable to work, all of which damaged her in the sum of $20,000.

236

Plaintiff further alleged among other things, that as the result of defendant's breach of his promise to marry her, she suffered mental anguish, injury to her health, humiliation and degradation and lost the advantage of the worldly position which she would have attained if defendant had complied with his promise and prayed damages in the sum of $30,000. The defendant moved to strike the allegations relating to the alleged seduction, pregnancy and damages arising therefrom, on the ground that the same are not valid elements of actual damages in an action for breach of promise but are aggravated damages not recoverable under the statute and that such damage allegations are in direct contravention of the Act of 1947 relating to breach of promise suits. In resisting the motion, plaintiff contended that the Act in question violated Section 19 of Article II, Section 22 of Article IV and Article III of the Constitution of Illinois. The trial court sustained defendant's motion and dismissed the complaint. The Supreme Court held that the trial court did not err in ordering the allegations relating to the alleged seduction, the ensuing pregnancy and damages arising therefrom to be stricken from the complaint. In its opinion, the court points out that since there is "no vested right in any plaintiff to exemplary, punitive, vindictive or aggravated damages the legislature may therefore restrict or deny the allowance of such damages at its will." As to the effect of the 1947 Act, the court said:

"What a plaintiff is entitled to is a cause of action for damages actually sustained when he has suffered injury, and a vested right to punitive, exemplary, vindictive or aggravated damages arises only when such damages have been allowed by a judgment in the plaintiff's favor. This statute does not take away the cause of action for breach of promise or the right to the damages actually sustained by the aggrieved party. What

237

the statute does deny is a right in the plaintiff to aggravated or exemplary damages for a seduction and pregnancy alleged to have been induced in consequence of the trust and confidence imposed in the defendant by reason of his previous agreement to marry. The legislature could properly restrict the allowance of such damages without denying a constitutional right to them."

After ruling adversely to plaintiff's contention that the Act violated certain of her constitutional rights the court concludes:

"With reference to the act violating article III of the constitution, we have already pointed out that the act does not affect compensatory damages, but only damages considered in their nature as punitive. The act in restricting recovery to actual damages, which term includes both general and special damages and encompasses compensatory damages because they are synonymous, does not invade any judicial functions of the courts. The act in barring punitive damages merely establishes a 'public policy' that in the interest of society in the particular class of cases such damages should not be awarded. Such damages being allowed in the interest of society, and not to recompense solely the individual, to deny them cannot be said to deny any constitutional right or to encroach upon any judicial function, or to violate any constitutional guaranty of separation of powers."

Obviously, plaintiff's Instruction 7 does not correctly state the law. In Smith v. Hill, the Supreme Court held that by the 1947 Breach of Promise Act, the legislature restricted recovery thereunder to actual damages and that a plaintiff is not entitled to aggravated or exemplary damages arising from her seduction and pregnancy and that the same may not be considered as elements of damage. The jury were advised by the instruction in question that in fixing damages it might take into consideration elements for

238

which the law permits no recovery. The giving of such an instruction constituted error requiring reversal of the judgment and the granting of a new trial.

Other errors assigned are concerned chiefly with the rulings of the trial court on the admission of evidence as to damages allegedly sustained by plaintiff as the result of her pregnancy and the birth of a child. Since it is unlikely that such errors will occur upon another trial, we regard consideration thereof on this appeal unnecessary.

For the reason herein indicated, we must hold that the defendant was not accorded a fair trial and therefore the judgment is reversed and the cause remanded for a new trial.

Reversed and remanded.

ROETH, P. J. and REYNOLDS, J., concur.