**Harry Clark, Plaintiff-Appellee, v. State of Illinois, Department of Labor, Robert R. Donnelly, Director of Labor, Board of Review of the Department of Labor, Marvin A. Mindes, Chairman, Irving M. Friedman, Member, Albert M. Quarles, Member, Harry Semrow, Postmaster of the City of Chicago, United States Post Office, Defendants-Appellants.**

Gen. No. 50,399.

First District, Third Division.

April 28, 1966.

William G. Clark, Attorney General of the State of Illinois (Richard A. Michael, A. Zola Groves, John J. O'Toole and Edward A. Berman, Assistant Attorneys General, of counsel), for appellants.

Bernard J. Kayne and Robert S. Brody, of Chicago, for appellee.

MR. JUSTICE SCHWARTZ delivered the opinion of the court.

Plaintiff was a mail handler employed in the federal post office at Chicago, Illinois. By virtue of federal and state legislation, he was entitled to coverage under the terms of the Illinois Unemployment Compensation Act (Social Security Act, Title XV, sec 1502, 42 USC § 1362; Ill Rev Stats ch 48, § 332 (1963)). While so employed, he was indicted on charges of possessing and selling narcotics based on an incident that took place outside the hours and place of his employment. He pleaded guilty to the charge of possession and was placed on probation. Following his indictment, he was suspended and later resigned from his position and applied for unemployment benefits. His application was denied by an official of the Department of Labor on the ground that he had been discharged for a "felony in connection with his work" and he was precluded by statute from receiving benefits based on that employment. (Ill Rev Stats ch 48, § 432C (1963).) When he sought review in the appropriate ad-

ministrative channels, his appeal was denied because it had not been filed within a certain statutory period. The Board of Review, created by statute as the highest appeals tribunal in the Department, affirmed, and an appeal was taken to the Circuit Court of Cook County pursuant to the provisions of the Administrative Review Act. That court reversed and remanded the case to the Board of Review, with directions that the Board consider the case on its merits, notwithstanding the fact that the appeal to the Board was not within the time limit. The Board on rehearing found that the applicant's discharge was for a "felony connected with his work." The case then went back to the Circuit Court, which reversed the Board and ordered that compensation in the sum of $1,071 be paid to plaintiff. From that final order an appeal has been taken to this court.

With respect to plaintiff's failure to file his administrative appeal in time, it is pertinent to consider the various steps provided by law to protect the plaintiff against an ill-advised decision, before an issue such as the one here involved reaches the courts. The initial determination is made by a deputy in the Department of Labor, who bases his decision on the claimant's application and on statements filed by the employer. The deputy's decision is termed a "finding" if it involves the applicant's first claim for benefits filed in a single year. It is termed a "determination" if it deals with subsequent eligibility, which is determined on a continuing week-by-week basis. (The decision in the instant case is a "finding.") If no appeal has been taken, the deputy may reconsider his "finding" at any time within thirteen weeks after the close of the benefit year. Ill Rev Stats ch 48, §§ 450–453 (1963). Appeals from the deputy's decision are taken to a referee. These must be filed within seven days if notice of the decision was delivered in person, and within nine days of the decision if mailed. If the appeal is not timely filed, "such 'finding' or 'determination' shall be final as to

all parties given notice thereof." The referee must afford reasonable opportunity for fair hearing, which is the first actual hearing available to a party adversely affected by the deputy's decision. His decision shall be final unless a further appeal to the Board of Review is filed within ten days. Ill Rev Stats ch 48, §§ 470–472 (1963). The Board of Review bases its decision on a hearing held in accordance with its regulations, at which additional evidence may be taken. Ill Rev Stats ch 48, §§ 473, 474 (1963). A review of the decision of the Board of Review may be had pursuant to the Administrative Review Act.

In the instant case, an agent of the post office officially notified the Department of Labor that the reason for plaintiff's separation from work was "conduct unbecoming a postal employee tending to bring the Postal Service into disrepute." This finding of cause was binding on the Department under the federal statute. 42 USC § 1367(a)(4). Without a hearing a deputy of the Division of Unemployment Compensation found that plaintiff was ineligible for benefits, and a notice of the finding dated February 1, 1963, was mailed to him. Prominent on the face of the notice was the admonition: "APPEAL RIGHTS: IF YOU DISAGREE WITH THIS DETERMINATION, you may file an appeal, in person or by mail. Your request must be RECEIVED in this office . . . within nine (9) days from the date of this notice. DO NOT WAIT FOR YOUR REGULAR REPORT DAY."

Plaintiff received the notice within three days and sent it to the probation officer who had been assigned to him following his sentence for violation of the narcotics law. The probation officer did not personally receive it until February 14th, because of his absence from the city and hospitalization due to illness. On February 20, 1963, nineteen days after the date of the notice, plaintiff, accompanied by his probation officer, filed an appeal in

person. A date was set for a hearing before a referee, but the notice of hearing warned that unless the dates on record could be shown to be wrong, the deputy's determination would be final. At the hearing the plaintiff, appearing without counsel, explained that because of the unfavorable determination he had been evicted from his apartment for unpaid rent and his wife had left him, taking their two children. He had sent the notice to his probation officer because, he said, his emotions were in turmoil and the officer had previously asked to be consulted. He also argued to the referee that his narcotics violation was not a "felony connected with his work," since it took place away from work.

The referee found that the record dates were not in error and that therefore he was without jurisdiction to hear the appeal on its merits, as the deputy's determination had become final. Plaintiff appealed to the Board of Review and submitted a written memorandum. The, Board affirmed the referee's decision and plaintiff then filed this suit for administrative review.

*The Circuit Court heard evidence relating to the reasons for the delayed appeal* and decided that the statute (Ill Rev Stats ch 48, § 470 (1963)) permitted the hearing of late appeals under certain circumstances, found that such mitigating circumstances existed, and remanded the case to the Board of Review for a hearing on the merits. Pursuant to that order, the Board of Review conducted a hearing on January 31, 1964, at which plaintiff was represented by counsel. Evidence and argument were presented dealing with both the jurisdiction of the Board and the merits of the claim. The Board decided on the merits of the case that plaintiff had been discharged for a "felony in connection with his work" and was thereby precluded from receiving benefits based on that employment.

Thereafter plaintiff again appeared in the Circuit Court, *by petition, without filing a complaint in admin-*

*istrative review.* His petition, bearing the docket number of the earlier complaint, requested the court to "hear plaintiff's claim for Unemployment Compensation Benefits in the nature of Judicial Review," recited the prior proceedings, and prayed "that the decision and record of the proceeding culminating [in the Board's decision] be reviewed by this court; that said decision may be wholly reversed, thereby granting plaintiff his full benefits. . . . " The state did not argue that these procedures were inadequate to confer jurisdiction on the trial court, and while the proceeding is indeed novel, we have decided the case on other issues involved. The Circuit Court then entered the order reversing the decision of the Board of Review and ordering the Director of Labor to pay plaintiff $1,071 as unemployment benefits. Thereupon the appeal to this court was taken.

█ Defendants contend that the statute allowing only nine days for appeal is mandatory and that the agency does not have the power to extend the period. They further contend that in any event the court erred in hearing evidence from which it determined that mitigating and extenuating circumstances existed so that the nine day limit would be relaxed. There can be no doubt that this latter point is sound.

██ Section 11 of the Administrative Review Act provides that "No new or additional evidence in support of or in opposition to any finding, order, determination or decision of the administrative agency [in the instant case, the Board of Review] shall be heard by the court." Ill Rev Stats ch 110, § 274 (1963). Section 12(g) provides that if there is need, the court has power to remand for the purpose of taking additional evidence. Ill Rev Stats ch 110, § 275(g) (1963). These sections have been applied many times. Rock Island Metal Foundry, Inc. v. City of Rock Island, 414 Ill 436, 11 NE2d 499; see Biggs v. Cummins, 5 Ill2d 512, 517, 518, 126 NE2d 208; Pipe Trades, Inc. v. Rauch, 2 Ill2d 278, 291, 118 NE2d 319.

371

Plaintiff contends that the testimony given in the trial court was merely a reiteration of the testimony in the record and was not "in opposition to the decision of the administrative agency." This contention misconceives the purpose of the provision, which is not to prevent introduction of new matter, which can be done upon remand, but to define the scope of judicial review. This scope is confined to questions of fact and law presented by the record, and the wisdom of this policy is evident where, as here, the administrative action to be reviewed has undergone consideration at *three separate levels within the agency*. (Administrative Review Act, Sec 11; Ill Rev Stats ch 110, § 274 (1963).) The court did not find that the agency's decision was unsupported by evidence, nor did it remand for the hearing of additional evidence bearing on the causes of the delayed appeal, but itself heard testimony as on a trial de novo. The order of October 15, 1963, remanding for a hearing on the merits was error.

█ Defendants also argue that the court misconstrued the statute imposing the nine day limitation on appeals by holding it to be directory rather than mandatory. (Ill Rev Stats ch 48, § 470 (1963).) We need not reach this issue. Under the circumstances of the instant case it was proper for the Board to adhere strictly to the nine day limit.

██ Plaintiff contends that since no appeal was taken from the October 15th order of remand, any error therein is not reviewable here. That order was interlocutory and nonappealable, and the errors we have considered were properly open for review on this appeal from the final order in the case. Thompson v. Industrial Comm., 377 Ill 587, 37 NE2d 350.

██ As the caption indicates, this suit was brought against the State of Illinois, as well as against the agencies and individuals there named. That the State is immune from suit without its consent is elementary, but no

motion to dismiss was made, and we have left the caption unaltered. We have considered the substance of plaintiff-appellee's brief only after seriously considering striking it because of its numerous departures from the form set forth in our rule 5(2)(k), Supreme Court Rule 39. Lawyers filing briefs in this court must familiarize themselves with these rules and follow them, except when on application it is otherwise ordered.

Judgment reversed.

SULLIVAN, P. J. and DEMPSEY, J., concur.