Larry Allen Powers, a Minor, by Mary Ann Powers, His Mother and Next Friend, and Kenton L. Powers, Individually, Plaintiffs-Appellants, v. Larry S. Telander, Carol Hollenbaugh, George R. Schroeder, Winnebago County Superintendent of Highways, County of Winnebago, District Engineer, Division of Highways, District No. 2, and Department of Public Works and Buildings, Defendants-Appellees.

Gen. No. 70–1.

Second District.

September 11, 1970.

Maynard and Brassfield, of Rockford, for appellants.

William J. Scott, Attorney General of State of Illinois, of Chicago, and Francis T. Crowe, Assistant Attorney General, of Chicago, for appellees.

JUSTICE THOMAS J. MORAN delivered the opinion of the court.

The plaintiffs brought suit against, among others, the District Engineer, Division of Highways, District #2, and Department of Public Works and Buildings for personal injuries occurring on a State highway in Winnebago County, Illinois.

The State entered a special and limited appearance and moved for a dismissal of the action as to the above named defendants on the ground that the trial court was without jurisdiction. The motion was founded upon Arti-

cle IV, section 26 of the Illinois Constitution which states: "The State of Illinois shall never be made defendant in any court of law or equity." The motion was allowed and the court found no just reason for delaying enforcement or appeal of its order. Consequently, this appeal followed.

The complaint, as it concerns the two named defendants, alleged that they were insured at the time of the occurrence; the policy of insurance waived the constitutional prohibition set forth above and the policy fully and adequately protects the defendants from any personal liability arising out of the lawsuit.

Plaintiffs' position on appeal is that (1) Article IV, section 26 of our constitution is not an absolute prohibition, but an available defense depending upon whether the relief sought would or would not adversely affect the State, and (2) since the constitutional provision was waived by the terms of the insurance policy, the defendants were subject to the jurisdiction of the court.

Plaintiffs do not seek to attack the constitutional prohibition but desire to avail themselves of the doctrines expressed in Moore v. Moyle, 405 Ill 555, 92 NE2d 81 (1950) and Molitor v. Kaneland Community Unit Dist. No. 302, 18 Ill2d 11, 163 NE2d 89 (1959). In Moore, complete immunity from tort liability of charitable institutions was overturned and in Molitor the same result was accomplished with regard to governmental agencies.

Prior to Moore, the rule of law exempting charitable institutions from liability for negligent acts of its servants was bottomed upon the theory that to allow recovery would in effect divert the corpus of the trust to purposes other than those intended by the donor. Parks v. Northwestern University, 218 Ill 381, 75 NE 991 (1905). Since Parks, but before Moore, districts of the Appellate Court differed as to whether such immunity was absolute when the pleadings disclosed liability insurance. See, Myers v. Young Men's Christian Ass'n of

12

Quincy, Ill., 316 Ill App 177, 44 NE2d 755 (1942); Piper v. Epstein, 326 Ill App 400, 62 NE2d 139 (1945) and Wendt v. Servite Fathers, 332 Ill App 618, 76 NE2d 342 (1947).

However, with Moore, the Court, after affirming the principle enunciated in Parks (trust funds of charitable institutions are immune from liability arising out of torts committed by its servants), extended the rule by eradicating absolute immunity and allowing recovery where it could be shown that the corpus of the trust would not be impaired or depleted. (However, see the comment in Molitor, supra, pp 19–20.)

Prior to Molitor, sovereign immunity from tort liability was extended from the State to local governmental units by court decisions. The decisions reasoned that protection of public funds in governmental immunity cases was as essential as protection of trust funds in charitable immunity cases. However, Molitor discarded the protection of public funds theory.

In Moore, the complaint alleged that the charitable institution involved was fully insured and its trust funds would not be affected (same as the instant case). In Molitor, there was no similar allegation. However, both cases were alike in at least two respects, they both involved tort immunity and this immunity was created by the courts. In the case at bar, the immunity in question originated in the Illinois constitution.

Plaintiffs suggest that we examine the constitutional provision with the same progressive reasoning as the Supreme Court applied in Moore and Molitor. It is argued that if we were to apply the rule of law found in Moore (that charitable institutions do not enjoy absolute immunity) to the provision in question; then add the language found in Molitor (that protection of public funds is not a valid reason in today's society for continuing the immunity rule), especially where, as in the instant case, there is insurance coverage, we would then conclude that

13

the plaintiffs could maintain their suit against the defendants.

■■ What the plaintiffs seem to have overlooked is the fact that we are here concerned with a constitutional prohibition and not a court created rule of law. It is our duty to interpret the constitution, not overrule it by avoiding its plain language. It is our opinion that the immunity granted to the State by Article IV, section 26, is absolute.

Plaintiffs argue that in many instances the legislature has passed, and the Supreme Court has approved, various legislative enactments which have allowed the State to be sued. They cite, The People v. Illinois Toll Highway Commission, 3 Ill2d 218, 120 NE2d 35 (1954) as an example. In that case, the defendant broached the same argument as found herein. The question of absolute immunity was not before the court. The question revolved around whether the defendant was in fact a part of the State. The Court found it not to be a part of the State but an independent entity and under no circumstances could the funds of the State be reached to satisfy its obligations. We do not find that case to be analogous to the circumstances in the case before us.

■ ■ The question then arises as to the legal status of the defendants herein. As to the defendant, Department of Public Works and Buildings our Supreme Court has determined that it is a part of State government and not subject to suit. Noorman v. Department of Public Works and Buildings, 366 Ill 216, 222, 8 NE2d 637 (1937) and Posinski v. Chicago, M., St. P. & P. R. Co., 376 Ill 346, 350, 33 NE2d 869 (1941). As to the defendant, District Engineer, Division of Highways, District #2, it should be noted that the plaintiffs have named the office and not any individual. Whether suit against the Director is in fact a suit against the State depends upon the type

14

of action brought and the relief sought. The case before us is one grounded in negligence and the relief sought is money damages. In reality it is a suit against the State and therefore prohibited. Posinski, supra, 351.

The plaintiffs final contention is that the constitutional prohibition against the State being sued was waived by the issuance of the insurance policy since public funds would not be affected.

 The State is immune from suit without its consent. Clark v. State of Illinois, Department of Labor, 71 Ill App2d 365, 372, 219 NE2d 143 (1966) ; and the consent must be expressed by affirmative action of the General Assembly, Edelen v. Hogsett, 44 Ill2d 215, 217, 254 NE2d 435 (1969). Even the Attorney General of Illinois does not have the power to waive this constitutional prohibition, as the sole authority to do so rests with the legislature, The People v. Sanitary Dist. of Chicago, 210 Ill 171, 173–174, 71 NE 334 (1904). Applying this law to the facts of this case, we find that there has been no effective waiver on the part of the defendants.

Judgment affirmed.

DAVIS, P. J. and ABRAHAMSON, J., concur.