(No. 33791.—

ORA EVELYN WHITE, Appellant, *vs.* LYLE H. PRENZLER, Appellee.

*Opinion filed January 19, 1956.*

BRANSON WRIGHT, of Bloomington, for appellant.

CHESTER THOMSON, of Bloomington, (ROBERT MARKOWITZ, and RALPH SCHROEDER, both of Bloomington, of counsel,) for appellee.

Mr. CHIEF JUSTICE HERSHEY delivered the opinion of the court:

This is an appeal from the circuit court of McLean County, which dismissed a complaint for breach of promise to marry.

The complaint alleged that at various times between May, 1949, and August, 1954, the defendant promised to marry the plaintiff; that the plaintiff bore a son by the defendant in February, 1954; and that his last promise, given in September, 1954, was to marry her during the 1954 Christmas holidays. It was further alleged that the defendant married a third person on October 30, 1954, but the plaintiff did not learn of this until the defendant informed her by telephone on December 12, 1954.

On February 12, 1955, the plaintiff gave a notice pursuant to section 4 of an act relating to actions for breach of promise or agreement to marry. (Ill. Rev. Stat. 1953, chap. 89, par. 28.) This statutory provision, which relates to the notice required before bringing an action for breach of promise, provides, *inter alia,* that "Within three months

from the date that the breach of promise or agreement to marry occurred, * * * any person who is about to commence any civil action in any court for breach of promise or agreement to marry shall give to the person against whom said action is to be brought * * * notice in writing, signed by the person who is about to commence said action * * *."

The defendant moved to dismiss the complaint primarily for the reason that said notice of the plaintiff was not timely given, and the action was therefore barred. Ill. Rev. Stat. 1953, chap. 89, par. 29.

In opposition to the defendant's motion, the plaintiff asserted that she had complied with the statute, and in the alternative, that the statute was unconstitutional as violative of section 19 of article II of the Illinois constitution.

The circuit court allowed the motion to dismiss, and the plaintiff appeals directly to this court.

The parties have argued the case on constitutional grounds, but as we view the matter the statutory construction question is decisive. That is, the determinative issue is whether, on the allegations of her complaint, the plaintiff complied with the statutory notice requirement.

As a bar to the plaintiff's action, the defendant contends that the breach occurred on October 30, 1954, and notice was not given until February 12, 1955, more than three months later. It is his position that the three-month period commenced on the date of his marriage to another person, regardless of whether the plaintiff had knowledge of this fact or not. Apart from saying it was not timely given, the defendant does not question the sufficiency of the notice.

We thus have a situation where the plaintiff's suit is barred by statute if the three months commenced on the date of defendant's marriage to the third party but not barred if the period ran either from the date of her knowledge of this marriage or from the time set for the performance of the promise.

We are of the opinion that the construction contended for by the defendant must be rejected.

The notice is required of one "who is about to commence" a breach of promise action. One cannot be a person about to sue until he knows of a reason to sue. The statute thus imports a knowledge of the right to bring an action. No charge is made here of a lack of diligence on the part of the plaintiff to learn of the defendant's October marriage. If the time commences on a date prior to her acquiring knowledge of his disenabling act or anticipatory breach, she would not have the three months within which to perfect her notice.

To hold that knowledge is of no consequence in the running of the three-month period would be to recognize a contradiction in the statutory language. That is, we would have the anamolous and unjust situation of the plaintiff being denied the right to sue for not filing a notice as "one about to commence" an action at a time when through no fault of her own she did not know of the breach of contract and the date for performance had not yet arrived.

Nor is the idea that the plaintiff have knowledge of the right to sue before the three months starts to run against her inconsistent with the general objectives of the statute. While the legislature obviously intended to place limitations upon the right to bring this type of action, the notice requirement was certainly not intended as a technicality by which one could escape a duty as a result of his own failure to disclose an incapacity to perform his part of the contract.

Considered by itself, the word "breach," as used in this provision ("* * * within three months from the date that the breach * * * occurred"), admits of no qualification, for it can reasonably be read as encompassing an anticipatory breach. But, as we have shown, other parts of the statute which import a knowledge of the breach or of the cause of action, militate against such a strict interpretation of the word "breach" as would start the notice

period running from the date of an anticipatory breach of which the plaintiff through no fault of her own had no knowledge.

It is, of course, recognized that there is a breach of contract to marry by acts which disenable one of the parties to complete the contract, such as marriage to a third person. And, in such case, suit may be commenced immediately, notwithstanding the time agreed upon for performance of the ceremony has not arrived. (See 8 Am. Jur., Breach of Promise of Marriage, sec. 15.) But this rule, designed to favor the offended party, presupposes knowledge on his part and an election to commence an immediate action. Without knowledge of the disenabling act, obviously one could not take advantage of the option.

In construing notice requirements, as well as statutes of limitations, courts must look to substance, rather than merely to form, in seeking the true intention of the legislature. For example, in considering the six-months notice requirement which is a condition precedent to suit against a city for personal injuries, this court excused an infant from the obligation because "The act is meant to apply only to those who are mentally and physically capable of comprehending and complying with its terms." (*McDonald v. City of Spring Valley*, 285 Ill. 52, 55.) At page 54 it was said: "Statutes general in their terms are frequently construed to contain exceptions, when considered in connection with well known rules of law, without the courts being subjected to the criticism of having entered the legislative field. This is done upon the theory that statutes, though general in their terms, have been enacted with the full recognition of rules of law which have become well known and well established."

Similarly, as regards statutes of limitations, where the action is for breach of contract, evidenced by a repudiatory act, or a repudiatory incapacity occurring before the date set for performance, courts have allowed immediate action

for anticipatory breach, but also have allowed the offended plaintiff an option to wait for the original date without being prejudiced by the running of the statute. See Development Note—Statute of Limitations, 63 Harv. L. Rev. 1201, 1208; Restatement, Contracts, sec. 322. Cf. *Blackburn* v. *Mann*, 85 Ill. 222.

This reasonable approach is particularly persuasive in breach-of-promise cases, for the parties are in a relationship of trust and confidence, and the duty devolves upon each to disclose matters vital to that relationship. Indeed, a failure to disclose material facts may be considered a fraud which will vitiate the contract. (See 8 Am. Jur., Breach of Promise of Marriage, sec. 10.) And courts uniformly hold, in general, that the fraudulent concealment of a cause of action tolls the statute of limitations, especially where the parties stand in a fiduciary relationship. (54 C.J.S., Limitations of Actions, sec. 206.) Those reasons which motivate courts in construing limitation statutes so as to prevent obvious injustices, apply equally to the case of a statutory notice requirement which is a condition precedent to the right to maintain the action.

We therefore conclude that the legislature contemplated the notice period to commence only after knowledge of the breach. It follows that the plaintiff's notice was timely.

The parties have confined their argument to this statutory notice requirement in apparent recognition that this was the basis for the dismissal below. The defendant does not urge as a reason for affirmance any of the other points he raised in the trial court. Accordingly, the judgment of the circuit court of McLean County is reversed, and the cause is remanded, with directions to overrule the motion to dismiss the complaint.

*Reversed and remanded, with directions.*