ERNEST QUINN, Plaintiff-Appellant, *v.* DEPARTMENT OF REGISTRATION AND EDUCATION, STATE OF ILLINOIS *et al.,* Defendants-Appellees.

(No. 70-21; )

Third District—June 9, 1971.

Silberstein & Napoli, of Peoria, for appellant.

William J. Scott, Attorney General, of Springfield, (William E. Webber, Assistant Attorney General, of counsel,) for appellees.

Mr. JUSTICE STOUDER delivered the opinion of the court:

Plaintiff-Appellant, Ernest Quinn, commenced this action in the Circuit Court of Peoria County under the Administrative Review Act seeking judicial review of an order of the Department of Registration and Education revoking plaintiff's certificate to practice dentistry in Illinois. The complaint for judicial review alleged as plaintiff's sole claim of error that plaintiff had been deprived of constitutional due process because although he was indigent the administrative agency had failed and refused to appoint an attorney to represent him. The trial court affirmed the order of revocation and the plaintiff initially appealed directly to the Supreme Court. The cause was transferred to this court by the Supreme Court with the determination that no substantial constitutional question was involved.

On March 4, 1968, the appellant, while represented by privately retained counsel, pled guilty and was convicted of the crime of deviate sexual assault. On May 22, 1968, he appeared before the Dental Examining Committee of the Department of Registration and Education. He was charged with unprofessional and dishonorable conduct in that he had been found guilty of deviate sexual assault.

The appellant requested and was granted a postponement of approximately six weeks to July 11, 1968 to obtain counsel. On July 11, 1968, the appellant again appeared before the Board and moved for "an added extension of time to allow me to obtain my funds for an attorney and for him to develop the case." This motion was opposed, the record showing that at the time of the criminal charges he had been represented by counsel. The hearing proceeded and on the admission of the charges by the appellant the judgment order was read into the record as was the plea and the finding of guilty. The appellant and his wife both participated and testified before the Dental Examining Committee which recommended the revocation of the license.

Thereafter, the appellant made a motion for rehearing and on September 26th, argument was heard by the Director on the said motion for rehearing at which the appellant was present and the motion of the appellant for rehearing was denied, the appellant appearing without counsel.

Generally speaking due process by an administrative agency requires adequate notice and a fair hearing. (*Horsby v. Allen*, 325 F.2d 605.) According to appellant the constitutional entitlement to a fair hearing before an administrative agency requires that counsel be appointed for those parties who are indigent appearing before the agency.

In our view of this case the constitutional question urged by appellant does not arise because there is no factual basis in the record supporting appellant's claim. Although appellant bases his argument on his asserted indigency such claim was made for the first time in his complaint for judicial review in the Circuit Court. So far as the record before the administrative agency is concerned there is no claim or evidence of indigency or any request for appointment of counsel for that reason or for any other reason. Even appellant's request for rehearing is silent on this issue. Appellant's claim of alleged constitutional error is without support in the record.

For the foregoing reasons the judgment of the Circuit Court of Peoria County is affirmed. Upon this decision becoming final the order heretofore entered by this court staying the effect of the revocation order shall terminate.

Judgment affirmed.

ALLOY, P. J., and SCOTT, J., concur.