MOSSIE HUGGINS, Plaintiff-Appellant, *v.* BOARD OF REVIEW, THE DEPARTMENT OF LABOR *et al.*, Defendants-Appellees.

(No. 56199;

First District (1st Division)—February 13, 1973.

James Fox, of East Garfield Neighborhood Legal Services, of Chicago, for appellant.

William J. Scott, Attorney General, of Chicago, (Francis T. Crowe and Herman R. Tavins, Assistant Attorneys General, of counsel,) for appellees.

Mr. JUSTICE GOLDBERG delivered the opinion of the court:

In an action under the Administrative Review Act (Ill. Rev. Stat. 1971, ch. 110, par. 264, *et seq.*), the circuit court of Cook County affirmed a decision of the Board of Review of the Department of Labor of Illinois, Division of Unemployment Compensation (Board). The Board determined that it had no jurisdiction to hear claimant's appeal from an adverse decision by a Referee because of late filing of the appeal.

Claimant filed her claim for benefits on November 2, 1969. Her former employer filed a Notice of Possible Ineligibility. On October 13, 1970, a Deputy made a written finding that the claimant was unavailable for work during the material time and, therefore, was ineligible for benefits. On October 14, 1970, copies of this finding were mailed to the former employer and also to claimant. The applicable statute provides that an appeal may be had by the claimant from such determination by the Deputy "* * * within nine days after such notification was mailed to his last known address * * *." (Ill. Rev. Stat. 1971, ch. 48, par. 470.) The same portion of the statute provides that unless such appeal is filed within the allotted nine day period, the "* * * 'determination' shall be final as to all parties given notice thereof."

The nine day period for appeal expired on October 23, 1970. On October 27, 1970, claimant filed a notice to appeal the decision of the

Deputy to a Referee of the Appeals Section. The record shows here that claimant stated she did not receive the Deputy's determination dated October 14, 1970, but this document had not been returned to the local office. On November 30, 1970, a hearing was held before the Referee. Claimant testified that the Deputy's determination was mailed to her and that she received a copy thereof. However, she further testified that she thought that she did not receive the determination; that she was told to appeal anyway and that she received it "later." She also stated that she had trouble with her mail "a couple of times." At this hearing, the Referee told the claimant that if she ever had any determination that she disagreed with she should file her appeal as soon as she possibly could.

On December 9, 1970, the Referee mailed to claimant a copy of his ruling in which he indicated that the record showed that the appeal had been filed after expiration of the statutory appeal period and there had been no showing that the record was in error. The Referee accordingly held that the previous determination by the Deputy had become final and that he was without jurisdiction to hear the appeal on its merits. The appeal was accordingly dismissed. We note that a copy of this decision reflects mailing to claimant at the same address which she gave as her place of residence at the hearing before the Referee. The same mailing address is reflected in the determination previously made by the Deputy. This ruling by the Referee also contained a statement that it would become final unless written notice of appeal was filed within ten days from the date of mailing thereof.

This ten day period expired on December 19, 1970, which was the last day for filing of notice of appeal to the Board. The pertinent statute provides that the decision of the Referee shall be final unless appeal is initiated to the Board within ten days after the date of mailing of the decision of the Referee. Ill. Rev. Stat. 1971, ch. 48, par. 471.

Plaintiff filed written notice of appeal from the Referee's determination to the Board of Review on December 29, 1970. This was ten days after expiration of the statutory time for appeal. On January 28, 1971, the Board filed a written decision finding that it had no jurisdiction to entertain the appeal. The decision also pointed out that the previous appeal by the claimant from the determination of the Deputy to the Referee had not been filed within the time limit of the statute so that the Referee correctly concluded that he had no jurisdiction and that the previous decision of the Deputy had become final.

It does not appear that the precise point here involved has ever been decided in Illinois. In *Clark v. Dept. of Labor*, 71 Ill.App.2d 365, 219 N.E.2d 143, claimant attempted to appeal from a decision of a Deputy denying his claim. This court did not pass upon the contention that the

statutory appeal periods in the Unemployment Compensation Act are mandatory. See 71 Ill.App.2d 365 at page 371.

■■ It is our considered opinion that the requirements of the Illinois statute are clear and unambiguous; hence unavoidably mandatory. The decision of the Deputy or of the Referee, as the case may be, becomes final if appeal is not timely filed within the plain language of the statute. There is no provision in this statute for late filing of notice of appeal. (Compare Supreme Court Rule 303(e) also Rule 606(c), 50 Ill.2d Rules 303(e) and 606(c).) The timely filing of the notice of appeal is thus jurisdictional.

■■■ It is undoubtedly correct, as urged by counsel for claimant, that the Unemployment Compensation Act of Illinois, enacted in the interest of the public welfare, is to be liberally construed. (*American Steel Foundries v. Gordon*, 404 Ill. 174, 180, 88 N.E.2d 465.) The objective of the Act is an attempt to eliminate "[p]overty, distress and suffering." (Ill. Rev. Stat. 1971, ch. 48, par. 300.) It had its genesis as "a direct result of the economic depression of the 1930's." (Article by Samuel C. Bernstein, former Administrator, Bureau of Employment Security in S.H.A. ch. 48, pages IX to LI.) However, these general principles cannot permit us to overlook or disregard the clear language of the statute specifying, without exception, in two instances, the number of days within which an appeal must be taken and providing that without such appeal the decision sought to be avoided becomes final.

The Unemployment Compensation statutes of other states do not assist claimant. The Rhode Island statute provides that the appeal time "* * *" period may be extended for good cause." (Title 28, ch. 44, 1967 Rhode Island Employment Security Act, secs. 28-44-46.) Identical language appears in the California statute. (Cal. 1967 Unemployment Insurance Code, sec. 1328.) In Pennsylvania, all appeals from the Referee to the Board are permissive and not a matter of right and they are also subject to a mandatory ten day time limit. 43 Penn. Stats. sec. 821.

Similarly, none of the decisions cited by claimant support her contention. On the contrary, one case cited by claimant is diametrically opposed to her position. In *Turner v. Unemployment Compensation Board of Review*, 163 Pa.Super. 168, 60 A.2d 583, the appeal time limit in the Pennsylvania statute was construed as a completely mandatory limitation subject to waiver only under circumstances showing fraud or its equivalent. The Pennsylvania court pointed out that mere hardship, illness of the claimant, or neglect are all insufficient.

■■ We have granted leave to diligent counsel for the claimant to file for our consideration as additional authority a decision by the Board in another matter handed down on July 7, 1972, *(In the Matter of Frank*

*White,* 72 BRD 2389), and another Board decision filed on January 4, 1973. (*In the Matter of Maurice Le Faire,* 73 BRD 36.) The Board decisions are not binding upon this court but they are advisory only and we will consider them accordingly.

In *White,* a decision of the Referee which denied benefits to the claimant was mailed on January 10, 1972. The appeal to the Board was filed after the expiration of the statutory time. However, the Board pointed out that the Referee's decision may not have been properly addressed. This was set forth in an affidavit by counsel for the claimant and the late appeal was accepted by the Board. Similarly, in *Le Faire,* the claimant submitted an affidavit that he had not received the Referee's decision. The Board held that this created an uncertainty as to actual mailing. Neither of these decisions waives or extends the mandatory statutory time limitation but they decide that the facts were such that the allotted period never actually commenced to run by virtue of mailing. On the contrary, in the case at bar the record shows affirmatively that mailing was proper in two instances and yet claimant violated the statutory time periods granted for both of her appeals.

Claimant urges that she was afforded no opportunity to offer a good cause reason for the delay in her appeals. Quite to the contrary, the record shows that claimant appeared before the Referee and was offered a full opportunity to justify her delay in filing the notice of appeal from the determination of the Deputy. However, claimant first stated that she did receive a copy of the Deputy's determination, then stated that she did not and finally stated that she previously had trouble with her mail. This pure conclusion cannot be regarded as a sufficient showing of a good cause reason for delay in filing the appeal. This is particularly true in the case at bar where, despite the suggestion from the Referee that claimant should file her appeal as soon as she possibly could, she was again late in filing her subsequent notice of appeal from the decision of the Referee to the Board.

We have no alternative but to affirm the decision of the trial court approving the decision of the Board.

Order affirmed.

BURKE, P. J., and DRUCKER, J., concur.