RUBEN GUTIERREZ, Plaintiff-Appellant, *v.* THE BOARD OF REVIEW, Department of Labor, *et al.*, Defendants-Appellees.

First District (5th Division) No. 61756

Opinion filed December 23, 1975.

John R. Sweeney and Wallace C. Winter, both of Legal Assistance Foundation, of Chicago, for appellant.

William J. Scott, Attorney General, of Chicago (Paul J. Bargiel, Assistant Attorney General, of counsel), for appellees.

Mr. JUSTICE SULLIVAN delivered the opinion of the court:

This is an appeal from an order of the circuit court, dismissing plaintiff's complaint for administrative review. In his complaint, plaintiff sought to overturn an order of the Board of Review of the Illinois Department of Labor (the Department) which had affirmed the dismissal of his appeal by a referee of its appeals section.

■■ Originally, a hearing was held by a claims adjudicator of the Department at which plaintiff and his wife appeared. Inasmuch as they neither spoke nor understood English, a Spanish interpreter was provided. In the course of the proceeding, evidence was presented from which the claims adjudicator determined that plaintiff had received unemployment compensation benefits for which he was ineligible; that such benefits had been obtained fraudulently; and that plaintiff was therefore liable to repay all benefits received and, in addition, to pay a penalty in an equal amount.[1] Notice of the "Claims Adjudicator's Reconsidered Determination" was mailed to plaintiff written entirely in English. This notice stated the ruling of the adjudicator and also included a notice of his appeal rights. This latter portion of the notice stated:

> "APPEAL RIGHTS: IF YOU DISAGREE WITH THIS RECONSIDERED DETERMINATION; you may file an appeal * * * within nine (9) days after the date of this notice if it was mailed to you, or within seven (7) days after the date of this notice if it was given to you."

Upon receipt of the notice, plaintiff's 13-year-old daughter translated for plaintiff the determination of the adjudicator but did not translate the provisions relating to an appeal and its attendant time limitations. Later, plaintiff received a notice informing him of a criminal prosecution based on the claims adjudicator's finding of fraud. He then sought legal counsel who filed an appeal with the Department's Board of Review 48 days after the mailing date of the adjudicator's decision. The matter was assigned to a department referee who held the appeal to have been untimely because it was filed more than nine days after notice had been mailed and received by plaintiff and that therefore he lacked jurisdiction to review the adjudicator's decision. This holding was affirmed by the Department's Board of Review. The circuit court then sustained that action, and this appeal was taken from its order.

OPINION

Article VI, section 9 of the 1970 Illinois Constitution provides:

> "Circuit Courts shall have such power to review administrative action as provided by law."

---

[1] Neither the benefits received nor the penalty assessed need be actually repaid but may be recouped from benefits for which the claimant would otherwise have been eligible except for the ineligibility created by the finding of fraud pursuant to section 901 of the Act. (Ill. Rev. Stat. 1973, ch. 48, par. 491.) See *Meadows v. Grabiec*, 20 Ill.App.3d 407, 314 N.E.2d 283.

In accordance with this constitutional authority, the legislature enacted the Administrative Review Act (Ill. Rev. Stat. 1973, ch. 110, par. 264 *et seq.*) delineating the subject matter jurisdiction of the courts in the review of administrative procedures. Section 2 of the Act (Ill. Rev. Stat. 1973, ch. 110, par. 265) provides:

> "If under the terms of the Act governing the procedure before an administrative agency an administrative decision has become final because of the failure to file any document in the nature of objections, protests, petition for hearing or application for administrative review within the time allowed by such Act, such decision shall not be subject to judicial review hereunder excepting only for the purpose of questioning the jurisdiction of the administrative agency over the person or subject matter."

Section 800 of the Unemployment Compensation Act (Ill. Rev. Stat. 1973, ch. 48, par. 470) (the Act), establishes the time limitations applicable herein. It provides in pertinent part:

> "Unless the claimant or any other party entitled to notice of the claims adjudicator's 'finding' or 'determination,' as the case may be, or the Director, within seven days after the delivery of the claims adjudicator's notification of such 'finding' or 'determination,' or within nine days after such notification was mailed to his last known address, files an appeal therefrom, such 'finding' or 'determination' shall be final as to all parties given notice thereof."

To aid in the interpretation of the above language, both parties call our attention to *Huggins v. Board of Review*, 10 Ill.App.3d 140, 294 N.E.2d 32. Defendants cite the following language from that opinion wherein it was explicitly held that a timely filing of an appeal within the seven or nine day period is jurisdictional:

> "It is our considered opinion that the requirements of the Illinois statute are clear and unambiguous; hence unavoidably mandatory. The decision of the Deputy or of the Referee, as the case may be, becomes final if appeal is not timely filed within the plain language of the statute. There is no provision in this statute for late filing of notice of appeal. * * * The timely filing of the notice of appeal is thus jurisdictional." 10 Ill.App.3d 140, 143.

Nonetheless, plaintiff points out that the *Huggins* court made inquiry as to whether good cause existed for the late filing of appeal in that case. He argues that if the *Huggins* court had viewed the statute as providing for no exceptions, it would have had no reason to examine the excuses presented for the late filing unless it was considering the

possibility that there may have been good cause for that late filing. From this argument, plaintiff would have us hold that section 800 of the Act impliedly allows the late filing of appeals where good cause for delay is shown. If we accept this proposition, he argues there was a sufficient showing of good cause in that the notice sent by the Department was in English and that the Department well knew that neither he nor his wife spoke or understood English. It necessarily follows, he says, that because his daughter did not translate that portion of the notice dealing with his appeal rights, he did not receive actual notice of those rights.

Section 800 of the Unemployment Compensation Act (Ill. Rev. Stat. 1973, ch. 48, par. 470) provides that unless the claimant files his appeal within seven days after personal delivery of the claims adjudicator's notification or within nine days after such notification was mailed, such finding shall be final "as to all parties given notice thereof."

In construing statutory requirements as to notice, the courts must look to substance rather than merely to form in seeking the true intention of the General Assembly. *White v. Prenzler*, 7 Ill.2d 624, 131 N.E.2d 540.

■■ We believe the legislature intended to create a definite time limitation within which a decision of the administrative body must be challenged. In that sense, the time limitations set forth in the statute are, as stated in *Huggins*, clearly mandatory and thus jurisdictional. However, under section 800, the finality of the adjudicator's decision and the appeal time limitations apply as to "all parties given notice" of the finding or determination. With this language, we believe the legislature intended only to bind those parties given actual notice of the administrative decision. There would be little logic in declaring a legislative intent requiring the filing of an appeal within nine days of the mailing of the "Reconsidered Determination" when the party entitled to notice thereof may never have actually received the notice. In view thereof, we construe the statute to intend that the finding or determination is final only as to all parties given actual notice thereof. This, we believe, explains the *Huggins* inquiry beyond the physical act of mailing the notice to determine actual receipt thereof.

■■ The general rule regarding actual notice is stated in 66 C.J.S. *Notice* § 3, at 637 (1950):

> "Generally a notice is regarded in law as actual when the person sought to be affected by it knows of the existence of the particular fact in question, or is conscious of having the means of knowing it."

(See also *United States v. Tuteur* (7th Cir. 1954), 215 F.2d 415, 418.)

Here, although the Board had knowledge that plaintiff spoke only Spanish, it nonetheless mailed him a notice written entirely in English. This, we believe, initially raises a question as to whether plaintiff was given actual notice of the claims adjudicator's finding or determination.

Our examination of the record discloses that plaintiff's 13 year old daughter translated that portion of the notice relating to the adjudicator's finding or determination. Thus, even though the notice was in English, plaintiff had actual notice of the finding or determination but apparently was not made aware of his appeal rights. Section 800 of the Act makes the claim adjudicator's decision final "as to all parties given notice thereof" and we interpret "notice thereof" to mean notice of the finding or determination. The plaintiff has not pointed out anything in the statute which requires that plaintiff be given notice of his appeal rights, and we find no such requirement. It would therefore appear that the jurisdictional nine-day period within which to file an appeal relates only to the receipt of actual notice as to the finding or determination and not to notice of his appeal rights. Having received actual notice of the claims adjudicator's finding or determination, plaintiff's appeal filed 48 days after the mailing of the notice to him came too late. In view thereof, the referee was correct in ruling that he had no jurisdiction, and the trial court properly sustained this ruling.

We do note, however, that although we have held plaintiff to the time limitations of section 800 because he had received actual notice of the adjudicator's finding, we believe that if the portion of the notice relating to that finding had not been translated to plaintiff, a question might have been raised as to whether he received actual notice thereof as required by Section 800. We make this statement by reason of the fact that the notice was sent to plaintiff in English, while the Department knew that neither he nor his wife spoke or understood the language. Under such circumstances, it would appear that persons known to be unfamiliar with the English language should be notified of the Department's finding or determination in a language that they understand.

Affirmed.

DRUCKER and LORENZ, JJ., concur.