PAULA FLORES, Plaintiff-Appellee, v. BOARD OF REVIEW, ILLINOIS DEPARTMENT OF LABOR et al., Defendants-Appellants.

First District (3rd Division)   No. 78-1604

Opinion filed July 25, 1979.

William J. Scott, Attorney General, of Chicago (Imelda Terrazino, Assistant Attorney General, of counsel), for appellants.

John Bouman and Helen Cropper, both of Legal Assistance Foundation, of Chicago, for appellee.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

In an action under the Administrative Review Act (Ill. Rev. Stat. 1977, ch. 110, par. 264 *et seq.*), the circuit court of Cook County reversed a determination by the Unemployment Compensation Board of Review that it lacked jurisdiction to hear plaintiff's appeal from its referee's decision. The trial court also remanded the case for a hearing on the merits of plaintiff's claim for unemployment compensation. The Board of Review, its members, the Director of the Department of Labor, and plaintiff's employer appeal.

Notice of the referee's decision was mailed to plaintiff on March 15, 1976. Plaintiff filed an appeal to the Board of Review on April 7, 1976. On June 24, 1976, the Board dismissed plaintiff's appeal for lack of jurisdiction because the appeal had not been filed within 10 days after the date of mailing of the referee's decision as required by the Unemployment Insurance Act. Ill. Rev. Stat. 1977, ch. 48, par. 471.

Plaintiff then filed a complaint in the circuit court seeking administrative review of the Board's decision. On February 17, 1977, the trial court remanded the cause to the Board for a hearing to determine whether plaintiff had actual notice of the referee's decision. The court directed that the guidelines set forth in *Gutierrez v. Board of Review* (1975), 35 Ill. App. 3d 186, 341 N.E.2d 115, were applicable and should govern the Board's determination.

The Board held a hearing on March 8, 1977. Plaintiff testified that neither she nor members of her family speak or read English. She received the notice of the referee's decision on or about March 15, 1976, and opened it immediately. The next day she asked a friend to translate the notice into Spanish. When asked what her friend said, plaintiff, through a translator, stated: "She [plaintiff's friend] read it, all the letter and then she told her the letter said the meeting was OK and if they had anything else to tell her they would get in touch with her in 10 days." Plaintiff's friend did not tell her the letter meant that she was ineligible for unemployment compensation. Plaintiff, after receiving a recoupment notice dated March 31, 1976, consulted an attorney who filed her appeal.

On May 31, 1977, the Board again dismissed plaintiff's appeal. It found that the actual notice requirement had been satisfied since the notice had been translated for plaintiff. The Board held that it lacked jurisdiction to hear the appeal because plaintiff had not appealed within 10 days of receiving notice. The Board also affirmed the referee's decision

on the grounds that plaintiff was not available for or actively seeking work during the period under review.

On June 6, 1977, plaintiff filed the present action for administrative review. Plaintiff charged that the Board had incorrectly construed and applied the requirement of *Gutierrez* and that its determinations both as to actual notice and as to the merits of plaintiff's claim were contrary to the manifest weight of the evidence. On June 21, 1978, the trial court reversed the Board's decision on the jurisdictional issue and remanded the cause for a *de novo* hearing on the merits of plaintiff's claim.

■▌ At the outset, we reject plaintiff's argument that the propriety of the trial court's first order directing the Board to apply the *Gutierrez* standards is not properly before this court. The initial remanding order was interlocutory and not appealable. (*Downey v. Industrial Com.* (1969), 44 Ill. 2d 28, 253 N.E.2d 371; *Clark v. Department of Labor* (1966), 71 Ill. App. 2d 365, 219 N.E.2d 143.) We therefore may consider whether the trial court correctly found that *Gutierrez* was applicable to the present case.

*Gutierrez* involved an appeal from a claim adjudicator's decision under section 800 of the Unemployment Insurance Act (Ill. Rev. Stat. 1977, ch. 48, par. 470). Plaintiff, who could neither read nor speak English, received a notice of the decision. Plaintiff's daughter translated that portion of the notice stating the adjudicator's determination, but she did not translate the provisions relating to appeals. After receiving notice of a criminal prosecution based upon the adjudicator's finding of fraud, plaintiff consulted an attorney who filed an appeal 48 days after the notice was mailed. Section 800 provides in part:

> "Unless the claimant or any other party entitled to notice of the claims adjudicator's 'finding' or 'determination,' as the case may be * * * within nine days after such notification was mailed to his last known address, files an appeal therefrom, such 'finding' or 'determination' shall be final as to all parties given notice thereof."

The court noted that the above provisions are mandatory and, therefore, the filing of a timely appeal is a jurisdictional prerequisite. (*Huggins v. Board of Review* (1973), 10 Ill. App. 3d 140, 294 N.E.2d 32.) The court concluded that plaintiff did in fact have actual notice of the decision since that portion of the notice was translated for him. Before reaching that conclusion, the court did consider the question of actual notice, stating at page 190:

> "There would be little logic in declaring a legislative intent requiring the filing of an appeal within nine days of the mailing of the [adjudicator's determination] when the party entitled to notice

thereof may never have actually received the notice. In view thereof, we construe the statute to intend that the finding or determination is final only as to all parties given actual notice thereof." (35 Ill. App. 3d 186, 190.)

The court went on to say that if the portion of the notice reciting the adjudicator's determination had not been translated for plaintiff, a question as to whether plaintiff received the actual notice required by section 800 might have been raised.

Defendants contend that the rationale of *Gutierrez* applies only to appeals brought under section 800. They maintain that an actual notice requirement may be inferred from the phrases "any other party entitled to notice" and "shall be final as to all parties given notice thereof" found in that section. Since this language is not found in section 801, defendants argue that the trial court erred in holding that an actual notice requirement is applicable to section 801 appeals.

The notice and appeal provisions of section 801 provide:

"The parties shall be duly notified of such decision, together with the reasons therefor. The decision of the Referee shall be final, unless, within ten days after the date of mailing of such decision, further appeal to the Board of Review is initiated pursuant to Section 803." (Ill. Rev. Stat. 1977, ch. 48, par. 471.)

We perceive no meaningful distinction between appeals from a claims adjudicator's decision under section 800 and appeals from a referee's decision under section 801 which would warrant a conclusion that actual notice of the decision is not necessary under the latter. That slightly different language is used in section 801 does not alter the fact that both sections provide for notice to the parties; if actual notice is required under section 800, then it is likewise necessary under section 801. See *McReynolds v. Civil Service Com.* (1974), 18 Ill. App. 3d 1062, 311 N.E.2d 308.

■■ The fundamental principles of due process are applicable to proceedings before an administrative agency. (*Bruce v. Department of Registration & Education* (1963), 26 Ill. 2d 612, 187 N.E.2d 711; *North Shore Sanitary District v. Pollution Control Board* (1974), 22 Ill. App. 3d 28, 316 N.E.2d 782, *aff'd* (1976), 62 Ill. 2d 385, 342 N.E.2d 376.) Due process mandates adequate notice of the matter under consideration. It requires actual notice of the referee's decision under section 801, and where actual notice is lacking, an appeal to the Board may be filed beyond the statutory time limitations. The trial court, therefore, did not err in initially remanding the cause to the Board to determine whether, using *Gutierrez* standards, plaintiff had actual notice of the referee's decision.

Defendants next argue that the Board's finding that plaintiff had

actual notice of the referee's decision was supported by the evidence adduced. Our function upon review of the Board's determination is limited to ascertaining whether the Board's findings are supported by the manifest weight of the evidence. (*General Electric Co. v. Fair Employment Practices Com.* (1976), 38 Ill. App. 3d 967, 349 N.E.2d 553.) We may neither substitute our own judgment nor overturn the Board's findings unless they are without substantial support in the record. (*Hale v. First National Bank* (1978), 57 Ill. App. 3d 310, 372 N.E.2d 959.) If the Board's determination is contrary to the evidence, it is our duty, however, to affirm the action of the trial court in setting it aside. *Spaulding v. Howlett* (1978), 59 Ill. App. 3d 249, 375 N.E.2d 437.

■■ An examination of the record demonstrates that plaintiff did not have actual notice of the referee's decision. Plaintiff's testimony at the hearing was uncontradicted. Although her statement, "She [plaintiff's friend] read it, all the letter," is somewhat ambiguous, plaintiff later testified that her friend did not tell her the letter meant she was ineligible for unemployment compensation. The conclusion is inescapable that plaintiff's friend read the letter to herself and then gave plaintiff her interpretation of its contents, omitting any reference to the referee's decision. Plaintiff did not have actual notice of the decision as required, and, therefore, was not precluded from appealing the decision. The trial court correctly so ruled.

Defendants also urge us to reverse the trial court's order on the ground that, even though the Board found it lacked jurisdiction to hear plaintiff's appeal, it nonetheless considered plaintiff's claim on the merits and affirmed the referee's decision that plaintiff was unavailable for work during the period under review. Defendants thus contend that the *de novo* hearing mandated by the trial court is unwarranted.

Plaintiff counters that she was entitled to a new hearing because the hearing before the referee, as revealed by the record, was deficient. We agree.

The Unemployment Insurance Act provides that an individual may be eligible for unemployment compensation benefits only if it is found that he or she is able to work, is available for work, and is actively seeking work. (Ill. Rev. Stat. 1977, ch. 48, par. 420.) The burden of proving eligibility rests upon the claimant. (*Rosenbaum v. Johnson* (1978), 60 Ill. App. 3d 657, 377 N.E.2d 258.) A claimant is entitled to a full and impartial hearing (*Bruce v. Department of Registration & Education* (1963), 26 Ill. 2d 612, 187 N.E.2d 711), and the conduct of the hearing must be in accordance with the fundamental rights of procedural due process. *Angelo v. Board of Review* (1978), 58 Ill. App. 3d 50, 373 N.E.2d 858.

■■ We do not believe plaintiff was afforded a full and impartial hearing before the referee on the issue of her eligibility for benefits. Plaintiff

testified through an interpreter. The testimony relating to plaintiff's search for work during the period in review was as follows:

> "Q. OK, now during this period of October, November and December was she able to work?
>
> A. She said yes, she could have worked, but the company told her she couldn't work no longer.
>
> Q. Yes, but did she look for work on her own?
>
> A. No, she said yes.
>
> Q. Where?
>
> A. She went to a factory—Ecko.
>
> Q. She only went to 1 place in 3 months, from October 1 to December 27?
>
> A. She said that she went to another one on Chicago but she doesn't recall the name of it, and she went to this place (inaudible)."

When asked if she had a babysitter for her child, plaintiff responded that, as of that date, her babysitter had returned to Mexico. The foregoing was the entire sum of the testimony adduced on the issue of plaintiff's availability for work. We believe it was insufficient to support a finding of ineligibility for unemployment compensation. Plaintiff could neither understand nor speak English and was not represented by counsel at the hearing. It was the referee's duty to afford plaintiff an adequate opportunity to present evidence in support of her claim. The trial court properly ordered a *de novo* hearing on the merits of plaintiff's claim.

Accordingly, the order of the circuit court of Cook County setting aside the Board of Review's determination on the jurisdictional issue and remanding the cause for a *de novo* hearing on the merits is affirmed.

Affirmed and remanded.

McGILLICUDDY and RIZZI, JJ., concur.