VLADIMIR SKIRIN, Plaintiff-Appellant, *v.* WILLIAM M. BOWLING, Director of the Department of Labor, *et al.*, Defendants-Appellees.

First District (1st Division)    No. 79-1637

---

Opinion filed July 21, 1980.

Legal Assistance Foundation, of Chicago (Alan S. Gilbert and Andrea J. Pfeiffer, of counsel), for appellant.

William J. Scott, Attorney General, of Chicago (Richard J. Puchalski, Special Assistant Attorney General, of counsel), for appellees.

Mr. PRESIDING JUSTICE GOLDBERG delivered the opinion of the court:

Vladimir Skirin (plaintiff) appeals from a judgment affirming a decision of the Board of Review of the Illinois Department of Labor· (Board). (Ill. Rev. Stat. 1979, ch. 110, par. 264 *et seq.*) The Board adopted a referee's findings and decision that plaintiff was not entitled to receive Federal Supplemental Benefits (FSB) under section 102 of the Emergency Unemployment Compensation Act of 1974, as amended (26 U.S.C.A. §3304, Historical note, at 353-54 (1979)).

Plaintiff worked as a maintenance man in a hotel. He became unemployed in November 1976. He received regular (Ill. Rev. Stat. 1979, ch. 48, par. 403) and extended (Ill. Rev. Stat. 1979, ch. 48, par. 409(F)) unemployment insurance benefits. Thereafter, on August 20, 1977, plaintiff applied for Federal benefits under the Federal Supplemental Benefits Program (FSB). FSB is a Federal program administered by State agencies. It provides additional unemployment insurance benefits in periods of high unemployment to individuals who have exhausted their rights to regular and extended benefits.

On October 6, 1977, a notice was sent to plaintiff by a claims adjudicator from the Board's local unemployment office. This informed plaintiff he was ineligible for FSB because "you did not establish that you are actively seeking work for the period from 8-21-77 through 10-1-77."

This determination was based on two FSB "work seeking activities" report forms signed by plaintiff on September 4 and 18 showing four contacts by him with employers in an effort to obtain work between August 21 and September 18 (one contact per week). Plaintiff did not fill out a similar form for the last two weeks of September. However, plaintiff did submit a separate list of three employer contacts to the local office on October 1.

On December 23, 1977, plaintiff appeared without counsel at a hearing before the referee. Plaintiff was accompanied by John Rozanski, a friend. Their testimony indicates plaintiff has difficulty with the English language. Plaintiff testified he cannot write English. Rozanski helped plaintiff complete his unemployment insurance forms, had gone with plaintiff to look for work and had helped him fill out employment applications. When the referee asked plaintiff whether listings of two employment contacts for a two-week period were exhaustive of his efforts during that time, plaintiff replied he understood he only had to "put about two places" and he had not listed other places in which he looked for work such as a "hamburger joint," a bank and a gas station. Rozanski corroborated this testimony and stated plaintiff did not put down these other places because "he thought it wasn't necessary."

Plaintiff testified he looked for "any job I can get." Rozanski stated plaintiff looked for "any kind of work." They stated plaintiff would get leads on jobs from the newspaper and the Illinois State Employment Service. Plaintiff would make four to six contacts per week for the time period in question. Both men repeated several times that plaintiff did not put all the contacts on the form because they did not think it was necessary to put down more than one contact a week. They added that on forms they previously filled out for Illinois unemployment benefits, there was no requirement that plaintiff put down his employment contacts. Instead, all he had to do was answer the question, "Did you actively look for work?"

On February 27, 1978, the referee issued a decision affirming the findings of the claims adjudicator denying plaintiff FSB. The referee made findings based on the FSB forms. He did not comment on the testimony of the witnesses. He stated:

> "Only one contact was reported each week. Further claimant's last job was that of a janitor and handyman for the hotel where he lives. While his search appears to involved [sic] seeking semi skilled positions, machinists or machine operators positions, his background essentially is that of a laborer and janitor. Instead of coming down in his expectations of the work sought, he appears to have increased those expectations.

* * *

Federal Supplemental Benefits requirements under Public Law 95-19 are far more arduous than are the requirements of Section 500C of the Illinois Unemployment Insurance Act. Claimant's reported search for work during the involved four weeks period would not have satisfied Illinois requirements under Section 500C. It also appears of record that claimant was putting unreasonable restrictions on his employability."

Plaintiff contends the decision of the Board is against the manifest weight of the evidence and he was denied a meaningful hearing in violation of his due process rights. The Board contends the trial court was correct in holding the Board decision was supported by sufficient evidence.

Section 102(h) of the Emergency Unemployment Compensation Act of 1974, as amended, states in pertinent part (26 U.S.C.A. §3304, Historical note, at 353-54 (1979)):

"(1) In addition to any eligibility requirement of the applicable State law, emergency compensation shall not be payable for any week to any individual otherwise eligible to receive such compensation if during such week such individual—
* * *
(B) fails to actively engage in seeking work.
* * *
(4) For purposes of this subsection—
* * *
(B) An individual shall be treated as actively engaged in seeking work during any week if—
(i) the individual has engaged in a systematic and sustained effort to obtain work during such week, and
(ii) the individual provides tangible evidence to the State agency that he has engaged in such an effort during such week."

The Board argues the Federal standard of "actively engaged in seeking work," as above defined, is more stringent than the standard of "actively seeking work" under the Illinois Unemployment Insurance Act (Ill. Rev. Stat. 1979, ch. 48, par. 420(c)). Defendant contends "while plaintiff's work seeking evidence may have met the more liberal state requirements, it cannot be said there is no evidence to support the determination that plaintiff's work seeking efforts [did not meet] the stricter federal standard."

Our search disclosed no authority which discusses the possible differences between Federal and State legislation in this regard. Neither of the counsel before us was able to cite such authority. Thus, we cannot

say the Federal standard is or is not more strict than the Illinois standard. In the future this distinction will be quite unnecessary as we were advised on oral argument that the FSB program has presently expired.

■■ In any event, even if we assume the Federal standard is more strict than the State standard and the work activities reported on plaintiff's FSB forms are insufficient to meet the Federal requirement of eligibility, we are impelled to reverse the decision appealed from.

The claimant filed two reports covering a four-week period. These forms state:

"The law requires that you make a systematic and sustained effort in seeking work and that you submit a written record of your work seeking activities for each week claimed."

The form submitted by the claimant showed one contact during each of the four weeks in question. The form had space to list three contacts per week. The referee was obviously under the misapprehension that the merits of the situation were to be determined solely and only from the written form submitted by plaintiff. The referee made no findings as to the credibility of the witnesses. His findings of fact did not refer to the testimony. It is apparent the referee chose to rely almost exclusively on the information supplied on the FSB forms to make his determination.

As above quoted, the Federal statute requires only "tangible evidence" of the activities of the claimant. In our opinion, the strong and uncontradicted testimony presented by the claimant and by another witness showed clearly and convincingly that the claimant here not only actively sought work but in addition engaged in a systematic and sustained effort to obtain employment.

Similarly, we disagree with the findings of fact by the referee regarding alleged search by plaintiff for "semi skilled positions." In our opinion, this finding is contrary to the record. Plaintiff testified he looked for work as a maintenance man, as a grinder, or "any job I can get." Expressing himself as well as he could, plaintiff also stated "if I don't get anything better I like to take it any * * *." In our opinion, this testimony indicates plaintiff actually expanded the type of situation which he would readily accept and he would have been satisfied with virtually any employment.

Furthermore, the referee did not consider or rule upon the uncontroverted testimony of plaintiff and Rozanski that they did not understand what was required to be put down on the forms. Both testified they thought putting down one contact a week was sufficient. It is clear from the transcript that plaintiff has considerable difficulty with the English language. He testified with respect to the FSB forms, "People which they were, how you say, born in here, they didn't understand [the form], because I always was giving to somebody to explain it. How could I understand?" The testimony also reveals plaintiff's confusion was

apparently intensified because the forms he had previously filled out for State unemployment benefits simply asked him a yes-no question as to work-seeking activities. These forms did not require him to list his employment contacts.

As plaintiff's counsel points out in his brief, such testimony brings up the possibility plaintiff was never informed by the defendant agency as to how to complete the FSB forms and the consequences of failing to complete them properly. In light of plaintiff's limited understanding of the English language, the fact that there were instructions on the forms is not in any way determinative of this issue.

In three recent cases, this court has ruled that a lack of understanding of the English language cannot prejudice a person under the Illinois Unemployment Insurance Act. (*Hernandez v. Board of Review* (1979), 79 Ill. App. 3d 635, 398 N.E.2d 879; *Flores v. Board of Review* (1979), 74 Ill. App. 3d 667, 393 N.E.2d 638; *Gutierrez v. Board of Review* (1975), 35 Ill. App. 3d 186, 341 N.E.2d 115.) In the instant case, since the referee apparently did not consider plaintiff's claim that he did not understand how to fill out the forms, plaintiff was not afforded a "full and impartial hearing." *Flores*, 74 Ill. App. 3d 667, 671.

■■ In reviewing this decision by the Board, this court is limited to determining whether the findings of the Board are supported by, or are contrary to, the manifest weight of the evidence. (*Flores*, 74 Ill. App. 3d 667, 671. See also *Montgomery Ward & Co. v. Fair Employment Practices Com.* (1977), 49 Ill. App. 3d 796, 802, 365 N.E.2d 535, *appeal denied* (1977), 66 Ill. 2d 631.) In our opinion, in the instant case, the findings of the referee are contrary to the manifest weight of the evidence, as regards compliance by plaintiff with the necessary standard of search for employment.

Accordingly, we reverse the judgment of the circuit court and remand this case with directions to reverse the findings of the Board of Review and to enter a proper order granting plaintiff the compensation in question.

Reversed and remanded with directions.

O'CONNOR and CAMPBELL, JJ., concur.